United States District Court
Southern District of Texas
**ENTERED**
February 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KENNETH COLLINS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02470 |
| § | |
| **WALGREEN CO. d/b/a WALGREENS** § | |
| **#9471,** § | |
| § | |
| Defendants. | |

## MEMORANDUM & ORDER

On January 31, 2024, the Court held a telephonic hearing on Defendant's Motion to Dismiss (ECF No. 15). In the hearing, the Court **GRANTED** the Motion and **DISMISSED** Plaintiff's claims **WITHOUT PREJUDICE**. It further **GRANTED** Plaintiff leave to file its Second Amended Complaint on or before Tuesday, February 20, 2024. The Court issues this brief Order to clarify issues discussed in the hearing, to narrow the focus of the Second Amended Complaint and any subsequent motions.

### I. Negligence

Defendant is correct in asserting that Plaintiff cannot recover on a theory of *respondeat superior* based on negligence on the part of Defendant's employee. On the facts alleged, the employee acted intentionally. *See* Pl.'s Second Am. Pet. ¶ 6, ECF No. 13. And Texas law does not allow plaintiffs to recover on a negligence theory where the defendant acted intentionally. *Fulmer v. Rider*, 635 S.W.2d 875, 882–83 (Tex. App. 1982); *Carlson v. Trans Union, LLC*, 261 F. Supp. 2d 663, 665 (N.D. Tex. 2003).

1

## II.        Negligent hiring, training, and supervision

As stated in the hearing, Defendant is incorrect in its contention that Plaintiff's inability to establish its employee's negligence dooms Plaintiff's claims for negligent hiring, training, and supervision. To the contrary, in a negligent hiring, training, and supervision claim, the employee's underlying acts need not be negligent; an employer can also be liable where they "negligently hire[], retain[], or supervise[] an incompetent or unfit individual" whose "negligent *or intentional act*" causes a third party's injury. *Moore Freight Servs., Inc. v. Munoz*, 545 S.W.3d 85, 97 (Tex. App. 2017) (emphasis added). Negligent hiring, training, and supervision claims are only barred where the plaintiff can establish no underlying tort altogether. *See Wansey v. Hole*, 379 S.W.3d 246, 248 (Tex. 2012) (holding that plaintiff could not recover against employer where plaintiff "did not present legally sufficient evidence of any harm caused by an employee"); *Bird v. W.C.W.*, 868 S.W.2d 767, 768 (Tex. 1994) ("Because of our holding of no liability on the part of [employer's] employee, there is no basis for independent liability on the part of [employer]."). Defendant dedicates much of its briefing towards establishing that its employee could be liable for the intentional tort of assault. This underlying intentional tort is sufficient to support Plaintiff's negligent hiring, training, and supervision claims. What is left for Plaintiff to establish is whether Defendant was negligent in hiring, training, and supervising its employee. *See Wansey*, 379 S.W.3d at 247.

As discussed in the hearing, though the allegations related to Plaintiff's negligent hiring and supervision claims were adequate,[1] the allegations contained in Plaintiff's negligent hiring

---

[1] Plaintiff's complaint alleges that Walgreens entirely failed to provide training and supervision aimed at ensuring employees would prevent shoplifting by nonviolent means. This amount—or lack thereof—falls below the level of training that "a reasonably prudent employer would have provided." *Lozano v. Baylor Univ.*, 408 F. Supp. 3d 861, 895 (W.D. Tex. 2019) (quoting *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App. 2008)). *Cf. id.* at 897 (denying motion to dismiss negligent supervision and training claim where plaintiff alleged that university did not

claim were inadequate. To prevail on a negligent hiring claim, a plaintiff must establish that "an employer knew or should have known through the exercise of reasonable care that an employee was incompetent or unfit and that [her] hiring or retention would thereby create an unreasonable risk of harm to others." *Verhelst v. Michael D's Rest. San Antonio, Inc.*, 154 F. Supp. 2d 959, 967 (W.D. Tex. 2001). Plaintiff's amended complaint merely states that Defendants "fail[ed] to ensure [McCarthy] did not have a history or tendency to cause violence." Pl.'s Second Am Pet. ¶ 11. This statement is conclusory. Plaintiff did not allege any underlying facts suggesting that Defendant should have known that hiring and retaining McCarthy would create an unreasonable risk of harm to patrons. In order to survive a subsequent motion to dismiss, Plaintiff's Second Amended Complaint must allege enough facts to allow the court to draw the "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Conclusion

For reasons stated at the hearing and explained herein, Defendant's Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file its Second Amended Complaint on or before Tuesday, February 20, 2024. Defendant may file a Motion to Dismiss within twenty calendar days of Plaintiff's filing of its amended complaint.

---

supervise and train employees to address student assault); *Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F. Supp. 3d 503, 524 (W.D. Tex. 2020) (denying motion to dismiss negligent training claim where plaintiff alleged that there was no training or policy regarding appropriate boundaries between the youth minister and the youth parishioners). Plaintiff should include these same allegations in its Second Amended Complaint, though the parties should not expend unnecessary resources rehashing this point in subsequent motions.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 31st day of January, 2024.

HON. KEITH P. ELLISON

UNITED STATES DISTRICT JUDGE